STUART C. CLARK (SBN 124152)
clark@carrferrell.com
CARR & FERRELL LLP
120 Constitution Drive
Menlo Park, California 94025
Telephone: (650) 812-3400
Facsimile: (650) 812-3444

Attorneys for plaintiff BAYSAND, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAYSAND, INC., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>TOSHIBA CORPORATION, a corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT BY BAYSAND, INC. FOR DECLARATORY JUDGMENT, PROMISSORY FRAUD, TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, MISAPPROPRIATION OF TRADE SECRETS, AND TRADE LIBEL** |

## I.     INTRODUCTION

1.     Plaintiff BaySand, Inc. ("BaySand") asserts claims against defendant Toshiba Corporation ("Toshiba") for a declaratory judgment regarding the actual and threatened infringement of certain of its United States patents, promissory fraud, tortious interference with prospective economic advantage, misappropriation of trade secrets, and trade libel. These claims arise from Toshiba's unlawful conduct in making, using, offering to sell, and/or selling patented inventions of BaySand, promissory fraud to induce BaySand to provide confidential information of BaySand as part of a bogus due diligence exercise, the use of information obtained in that bogus due diligence exercise to interfere with prospective economic advantage with respect to a prospective customer (the "Customer"), in relation to the licensing of patented technology of BaySand, the

1  misappropriation and use of trade secrets with respect to BaySand's customers, marketing, products

2  and financial affairs, and the disparagement of BaySand's patented technology.

3        2.     BaySand has sustained millions of dollars in damages as a result of Toshiba's

4  unlawful conduct described above. BaySand seeks damages, injunctive relief, and costs (including

5  attorney's fees under 35 U.S.C. section 285, and other recoverable attorney's fees), and such further

6  relief as may be appropriate.

7                              **II.     JURISDICTION**

8        3.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a)

9  because this action asserts a claim under the Patent Laws of the United States, and under 28 U.S.C.

10  § 2001, and further has jurisdiction pursuant to 28 U.S.C. § 1332(a)(3), because the parties are

11  completely diverse and the amounts in controversy exceed $75,000, exclusive of interest costs and

12  attorney's fees.

13
14        4.     This Court has personal jurisdiction over Toshiba pursuant to California's long-arm

15  statute, California Code of Civil Procedure §410.10, in that Toshiba has purposefully availed itself

16  of the benefits of doing business in California, including by entering into economic relationships

17  and contracts with California residents, including BaySand, to be performed in California, and has

18  directed its activities towards California in order to gain economic benefit in California. In

19  addition, Toshiba engaged in wrongful conduct targeted at BaySand, well knowing it to be a

20  resident of California.

21                              **III.     VENUE**

22        5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because, among

23  other things, a substantial part of the events and omissions giving rise to these claims occurred in

24  Santa Clara County.

25                    **IV.     INTRA-DISTRICT ASSIGNMENT**

26        6.     For the purposes of Civil L.R. 3-2(c) and (d), this is an intellectual property action

27  that may be assigned to any division of this District.

28  ////

COMPLAINT FOR DECLARATORY JUDGMENT, PROMISSORY FRAUD, TORTIOUS
INTERFERENCE, MISAPPROPRIATION OF TRADE SECRETS, AND TRADE LIBEL

## V.    PARTIES

7.    Plaintiff BaySand is a fabless semiconductor company developing metal only, configurable ASICS using innovative and disruptive Metal Configurable Standard Cell technology, with its principal place of business in Morgan Hill, California.

8.    Defendant Toshiba is a multinational conglomerate with diversified products and services, including information technology and communications equipment and systems, electronic components and materials, power systems, etc., with its principal place of business in Tokyo, Japan.

## VI.    GENERAL ALLEGATIONS

9.    BaySand is the owner of the entire right, title and interest in and to the following United States Patents that cover the novel technology licensed to Toshiba pursuant to the license agreement referenced in paragraph 10, below:

(a)    U. S. Patent No. 8788984 (the "'984 Patent") entitled "Gate array architecture with multiple programmable regions," which was duly and legally issued by the United States Patent and Trademark Office on July 22, 2014;

(b)    U. S. Patent No. 8773163 (the "'363 Patent") entitled "Flexible, space-efficient I/O circuitry for integrated circuits," which was duly and legally issued by the United States Patent and Trademark Office on July 8, 2014; and,

(c)    U.S. Patent No. 8533641 (the "'641 Patent") entitled "Gate array architecture with multiple programmable regions," which was duly and legally issued by the United States Patent and Trademark Office on September 10, 2013.

10.    BaySand and Toshiba entered into a license agreement, effective as of October 9, 2012 (the "License Agreement"), under which Toshiba was and is permitted to use certain proprietary and patented technology of BaySand covered by the above patents to develop, manufacture, use and sell, etc., integrated circuits based on either a 65 nanometer or a 40 nanometer mode of that technology (the "Licensed Technology"). The License Agreement does not permit Toshiba to develop, manufacture, use and sell, etc. integrated circuits based on a 28 nanometer mode of the patented BaySand's technology (the "28 Nanometer Technology"), unless and until the

{00835395v1}                                          3.

parties enter into a further agreement covering such a products, which the parties have not done. Thus, BaySand has at all material times retained the exclusive right to license, sell, etc. the 28 Nanometer Technology.

11.     During the course of working with BaySand on the development of the 40nm and 65nm Licensed Technologies, Toshiba asked BaySand for information about BaySand's actual and anticipated development of the patented technology, including pending and anticipated patent applications, and details of all claims. BaySand refused to provide this confidential information.

12.     BaySand has since early 2014 been working with the Customer on licensing to the Customer the 28 Nanometer Technology. Until Toshiba's tortious interference referenced below, BaySand was in the process of business development and product development with the Customer with regard to the licensing of the 28 Nanometer Technology. The nature and existence of that business development and product development work, and the identity of the Customer, has been kept confidential by BaySand, and in particular was not communicated to Toshiba.

13.     In late 2014, Toshiba represented to BaySand that it was considering purchasing BaySand for a fair price, and/or merging, and that it wished to conduct due diligence investigations into BaySand's business to determine the value of the business. Although BaySand requested that Toshiba submit a non-binding term sheet prior to commencing the due diligence investigations, Toshiba refused, saying it didn't know what type of transaction it might propose until after the due diligence investigations. BaySand, in consideration of the existing relationship with Toshiba which BaySand considered to be a friendly one, and subject to Toshiba entering into a nondisclosure agreement, agreed to allow the due diligence investigations to proceed without a term sheet. Consequently, in reliance on the representation of a fair acquisition or merger, and at Toshiba's request, during November and December 2014 BaySand permitted multiple Toshiba representatives (including accountants and attorneys and engineers) to engage in extensive due diligence investigations with respect to BaySand. These investigations included but were not limited to investigations into BaySand's existing and planned technology; including the pending and anticipated patent claims that had been requested previously; its existing and prospective customers

COMPLAINT FOR DECLARATORY JUDGMENT, PROMISSORY FRAUD, TORTIOUS
INTERFERENCE, MISAPPROPRIATION OF TRADE SECRETS, AND TRADE LIBEL

and/or licensees; and its finances. In the course of the due diligence investigations, Toshiba's representatives obtained information with regard to certain BaySand customers, including with regard to the Customer. This information included but was not limited to the nature and extent of BaySand's business development and product development discussions with the Customer.

14.     On information and belief, on or about December 23, 2014 Toshiba contacted the Customer, and falsely asserted that BaySand had granted Toshiba an exclusive license with respect to all of the BaySand patented technology, including but not limited to the 28 Nanometer Technology. For the purposes of making that contact, Toshiba improperly used information learned by Toshiba in the course of the due diligence investigations referenced above, in violation of trade secret laws and other limitations on its use of that confidential information

15.     Sometime in 2014, Toshiba started circulating a product sheet for the Licensed Products, including a statement that the technology can be scaled to a 28 nanometer mode and smaller.

16.     On or about March 18, 2014, unbeknownst to BaySand at the time, Toshiba issued a press release announcing that it was developing a 28  nanometer mode product based on BaySand's technology, notwithstanding Toshiba did not have a license to do so. Toshiba failed to inform BaySand of this development work at the time of the announcement or thereafter, and BaySand did not discover Toshiba's activities until late 2014. Since that time BaySand has negotiated with Toshiba with a view to securing its compliance with the limitations of the License Agreement, but has been unable to secure Toshiba's compliance with the License Agreement.

17.     As a result of Toshiba's unlawful and improper contact with the Customer using BaySand's confidential information, the business relationship between BaySand and the Customer has been interfered with and damaged, among other reasons by the Customer declining to engage in further licensing discussions with BaySand, unless and until the Customer obtains confirmation from Toshiba that Toshiba has no rights with respect to the 28 Nanometer Technology. Toshiba has refused to provide such confirmation, despite the negotiations referenced in the preceding paragraph, thereby further interfering with BaySand's prospective economic advantage by

1  preventing BaySand from entering into a license agreement with the Customer, or conducting any
2  other business dealings with the Customer with respect to the patented technology.

3      18.      Following completion of its due diligence investigations referenced above, Toshiba
4  made a lowball offer to purchase BaySand that did not represent anything close to a fair price, did
5  not come close to the price BaySand had indicated was the minimum it would even consider, and
6  that was not made in good faith.  Rather, the offer was made based on Toshiba's mistaken
7  expectation, given what it had learned from the due diligence investigations, that BaySand would be
8  forced to accept the offer for financial reasons, and also based on Toshiba's tortious interference
9  with BaySand's prospective economic advantage in its negotiations with the Customer, thus further
10  adversely impacting BaySand's financial situation.

11

12                          **VII.    FIRST CLAIM FOR RELIEF**
                        (Declaratory Judgment Of Patent Infringement)

13      19.      BaySand repeats the allegations of paragraphs 1 through 18 above, as if specifically
14  set out herein.

15      20.      BaySand is the owner of the '984, '363, and '641 U.S Patents referenced in
16  paragraph 9, above (the "Baysand Patents").

17      21.      The Baysand Patents cover, among other things, the 28 Nanometer Technology, and
18  the 65 nanometer and 40 nanometer modes of the Licensed Technology.
19
20      22.      As is alleged in paragraph 10, above, Toshiba is only licensed to use the 65
21  nanometer and 40 nanometer modes of the patented technology for purposes of developing,
22  manufacturing, using and selling, etc. integrated circuits.  However, Toshiba has on information and
23  belief also used the 28 Nanometer Technology for purposes of making and/or offering for sale, in
24  the United States of America, products that implement the patented technology.  Toshiba has
25  thereby infringed, among others, Claim 1 of the '984 Patent, Claim 1 of the '163 Patent, and Claim
26  1 of the 641 Patent.

27      23.      Toshiba's infringement of the Baysand Patents includes but is not limited to offering
28  for sale in the United States of America Toshiba's products that infringe those patents (the

{00835395v1}                                6.

"Infringing Toshiba Products").

24.    A dispute exists between BaySand and Toshiba regarding BaySand's position that Toshiba does not have the right under the License Agreement to use the 28 Nanometer Technology, and whether such use in the United States of America constitutes or would constitute infringement of the Baysand Patents.  It is BaySand's position that Toshiba's making, using, offering to sell, or selling any product in the United States of America that incorporates the 28 Nanometer Technology constitutes an infringement of the Baysand Patents.  In contrast, it is Toshiba's position that it has the right to offer to sell and sell and/or authorize the sale of such products in the United States of America.

25.    Under the circumstances described in the preceding paragraph, a real, actual and justiciable controversy has arisen and exists between BaySand, of the one part, and Toshiba, of the other part, with respect to whether Toshiba's making, using, offering to sell, or selling any product in the United States of America that incorporates the 28 Nanometer Technology constitutes an infringement of the Baysand Patents.

26.    A declaratory judgment that Toshiba's making, using, offering to sell, or selling any product in the United States of America that incorporates the 28 Nanometer Technology constitutes an infringement of the Baysand Patents is necessary and appropriate at this time, in order to determine the parties' rights with respect to the matters in dispute between them, and to avoid a multiplicity of lawsuits with possibly inconsistent results.  Specifically, since Toshiba asserts the right to sell or to authorize the sale of Toshiba products incorporating the 28 Nanometer Technology  in the United States of America, there is an imminently foreseeable expectation that it will continue to engage in patent infringement in the United States of America by importing, manufacturing, offering for sale, or selling the Infringing Toshiba Products in the United States of America.

WHEREFORE, BaySand prays for judgment as set out in the Prayer, below.

////

////

COMPLAINT FOR DECLARATORY JUDGMENT, PROMISSORY FRAUD, TORTIOUS
INTERFERENCE, MISAPPROPRIATION OF TRADE SECRETS, AND TRADE LIBEL

## VIII.   SECOND CLAIM FOR RELIEF
(Promissory Fraud)

27.   BaySand repeats the allegations of paragraphs 1 through 18 above, as if specifically set out herein.

28.   In order to induce BaySand to reveal to Toshiba confidential and trade secret information with regard to its existing and prospective technology, and its existing and prospective customers, and its financial position, as alleged in paragraph 13, above, Toshiba represented that it was interested in purchasing BaySand for a fair price, or merging.  These representations were made on behalf of Toshiba by, among others, Yukihisa Murakami and Makoto Akao, during the fourth quarter of 2014.

29.   Toshiba's representations referenced in the preceding paragraph were false, in that Toshiba had no good faith intention to purchase BaySand for a fair price or merger, but instead sought to use the prospect of a purchase for a fair price or a merger as a pretext to induce BaySand to reveal confidential and trade secret information with regard to its existing and prospective technology, and its existing and prospective customers, and its financial position.

30.   Toshiba's false representations, referenced above, were made intentionally, in order to induce BaySand to act on them by permitting Toshiba to obtain access to BaySand's confidential and trade secret information with regard to its existing and prospective technology, and its existing and prospective customers, and its financial position.

31.   In reliance on Toshiba's false representations, referenced above, in the course of Toshiba's due diligence exercise, BaySand allowed Toshiba access to BaySand's confidential and trade secret information, including with regard to its existing and prospective technology, its existing and prospective customers, and its financial position.

32.   BaySand has been damaged in an amount according to proof at trial as a result of Toshiba's false representations, including but not limited to as a result of Toshiba tortiously interfering with BaySand's prospective economic advantage, and in misappropriating its confidential and trade secret information, in the manner alleged in the claims asserted below.  In

addition, having obtained information with regard to BaySand's financial commitments and resources, Toshiba withheld payments due to BaySand under the License Agreement, with the objective of thereby seeking to force BaySand to accept Toshiba's positions with regard to the 28 Nanometer Technology, and to otherwise harm BaySand.

33.    WHEREFORE, BaySand prays for judgment as set out in the Prayer, below.

## IX.    THIRD CLAIM FOR RELIEF
(Tortious Interference With Prospective Business Advantage)

34.    BaySand repeats the allegations of paragraphs 1 through 18 above, as if specifically set out herein.

35.    BaySand has and at all material times had a reasonable expectation of prospectively advantageous economic relationships with the Customer, specifically with regard to the prospective licensing and/or sale of the 28 Nanometer Technology.  These prospective relationships have been interfered with by Toshiba's conduct, as alleged in paragraphs 14 and 17 above, in falsely asserting that BaySand had granted Toshiba an exclusive license that includes the 28 Nanometer Technology.

36.    Toshiba knew of BaySand's prospectively advantageous relationships with the Customer, having obtained that information in the course of the due diligence investigations referenced in paragraph 13, above.

37.    In falsely asserting to the Customer that BaySand had granted Toshiba an exclusive license that includes the 28 Nanometer Technology, Toshiba intended to interfere with the actual and prospectively advantageous relationships between BaySand and the Customer.

38.    As a result of Toshiba's conduct described above, BaySand's prospectively advantageous relationships with the Customer have been disrupted, in that the Customer is unwilling to pursue licensing or any other business activities with BaySand that would have been pursued but for Toshiba's interference.

39.    The conduct of Toshiba was and is independently wrongful, in that it also constituted and constitutes patent infringement, it arises from promissory fraud, and it also constitutes misappropriation of trade secrets and trade libel, as is more fully alleged below.

40.     As a result of Toshiba's disruption of BaySand's relationships with the Customer referred to above, BaySand has sustained damages in an amount according to proof at trial, but which exceeds $75,000.

41.     In conducting itself as described above, Toshiba has acted willfully, maliciously, oppressively, despicably, and in callous disregard of the rights and interests of BaySand, thereby entitling BaySand to exemplary and punitive damages in an amount according to proof at trial.

WHEREFORE, BaySand prays for judgment as set out in the Prayer, below.

## X.     FOURTH CLAIM FOR RELIEF
(Misappropriation of Trade Secrets)

42.     BaySand repeats the allegations of paragraphs 1 through 18 above, as if specifically set out herein.

43.     By its access to BaySand's confidential and trade secret information, including with regard to its existing and prospective technology, its existing and prospective customers, and its financial position, Toshiba obtained information with regard to the existence and nature and extent of BaySand's business development and product development relationships with the Customer, and finances (the "Trade Secrets"). The Trade Secrets constituted and constitute trade secrets of BaySand for purposes of California's Uniform Trade Secrets Act, Civil Code section 3426 et. seq., in that such trade secret information:

(a)     comprised information that derives independent economic value from not being generally known to the public or other persons who could obtain economic value from its disclosure or use, and especially from not being known to Toshiba; and,

(b)     was the subject of efforts that were reasonable under the circumstances to maintain its secrecy, including but not limited to restricting that information to those within BaySand and the Customer with a need to know, and by requiring Toshiba and the Customer to sign nondisclosure agreements protecting the information.

44.     Toshiba misappropriated the Trade Secrets by, among other things, using them to solicit business from the Customer, and in generally determining its marketing strategy in

competition with BaySand, and thereby benefitting Toshiba to the detriment of BaySand.  In addition, having obtained information with regard to BaySand's financial commitments and resources, Toshiba withheld payments due to BaySand under the License Agreement, with the objective of thereby seeking to force BaySand to accept Toshiba's positions with regard to the 28 Nanometer Technology, and to otherwise harm BaySand.

45.     As a result of the misappropriation of the Trade Secrets alleged above, BaySand has been damaged in an amount to be proven at trial, but which exceeds $75,000, for which amount Toshiba is liable.

46.     Toshiba acted willfully and maliciously in misappropriating the Trade Secrets, and Toshiba is therefore also entitled to recover exemplary damages under California Civil Code section 3426.3(c).

47.     Absent injunctive relief, BaySand will be irreparably harmed, thereby requiring the issuance of an injunction restraining Toshiba from using or disclosing the Trade Secrets.

WHEREFORE, BaySand prays for judgment as set out in the Prayer, below.

## XI.     FIFTH CLAIM FOR RELIEF
(Trade Libel)

48.     BaySand repeats the allegations of paragraphs 1 through 18 above, as if specifically set out herein.

49.     On a number of occasions, Toshiba has published false and/or disparaging statements with regard to the BaySand products that use BaySand's patented technology, both orally and in email and other communications.  Such false and/or disparaging statements include but are not limited to the following:

(a)     in a January 5, 2015 email to the Customer, Toshiba falsely stated that BaySand had no 40 nanometer products and that its 65 nanometer product was "not usable;" and,

(b)     in a January 5, 2015 email, Toshiba falsely stated with respect to the 65 nanometer product that "there was a problem in the [65 nanometer] product and . . . it is not usable."

1    50.    The above statements were known by Toshiba to be false when made.

2    51.    The statements that BaySand's products are deficient in the respects asserted by

3 Toshiba and summarized above constitute libel per se, in that they were false when made and were

4 made with the intent to disparage the quality of BaySand's products and patented technology, with

5 the intent to disparage the quality of those products and that technology, which has a natural

6 tendency to injure its business reputation.

7    52.    Toshiba acted willfully and maliciously in disparaging BaySand's products and

8 patented technology, and Toshiba is therefore also entitled to recover punitive damages under

9 California Civil Code section 3426.3(c).

10    53.    As a result of the publication of the statements referred to above, BaySand has been

11 damaged in an amount according to proof at trial, but which is not less than $75,000.

12    WHEREFORE, BaySand prays for judgment as set out in the Prayer, below.

13

## XII.    PRAYER

14

15    WHEREFORE, BaySand prays for judgment against Toshiba as follows:

16    1.    On the First Claim for Relief, for a declaratory judgment, for a judgment declaring

17        that Toshiba's making, using, offering to sell, or selling any product in the United

18        States of America that incorporates the 28 Nanometer Technology constitutes an

19        infringement of the Baysand Patents, and for injunctive relief;

20    2.    On the Second Claim for Relief, for promissory fraud, for damages against Toshiba

21        in an amount according to proof at trial, but which is not less than $75,000;

22    3.    On the Second Claim for Relief, for promissory fraud, for exemplary damages

23        against Toshiba in an amount according to proof at trial, but which is not less than

24        $75,000, based on willfulness;

25    5.    On the Third Claim for Relief, for tortious interference with prospective business

26        advantage, for damages against Toshiba in an amount according to proof at trial, but

27        which is not less than $75,000;

28    6.    On the Third Claim for Relief, for tortious interference with prospective business

{00835395v1}                                    12.

advantage, for exemplary damages against Toshiba in an amount according to proof at trial, but which is not less than $75,000, based on willfulness;

7. On the Fourth Claim for Relief, for misappropriation of trade secrets, for damages against Toshiba in an amount according to proof at trial, but which is not less than $75,000;

8. On the Fourth Claim for Relief, for misappropriation of trade secrets, for exemplary damages against Toshiba in an amount according to proof at trial, but which is not less than $75,000, based on willfulness;

9. On the Fourth Claim for Relief, for misappropriation of trade secrets, for injunctive relief enjoining Toshiba from using the Trade Secrets;

10. On the Fifth Claim for Relief, for trade libel, for damages against Toshiba in an amount according to proof at trial, but which is not less than $75,000;

11. On the Fifth Claim for Relief, for Trade Libel, for exemplary damages against Toshiba in an amount according to proof at trial, but which is not less than $75,000, based on willfulness

12. For interest at the legal rate on all of the above amounts;

13. For costs of suit, including attorney's fees where recoverable; and,

14. For such further or alternative relief as may be appropriate.

Dated: June 1, 2015                            CARR & FERRELL LLP


                                               By: /s/ Stuart C. Clark
                                                   STUART C. CLARK

                                               Attorneys for BAYSAND, INC.

COMPLAINT FOR DECLARATORY JUDGMENT, PROMISSORY FRAUD, TORTIOUS
INTERFERENCE, MISAPPROPRIATION OF TRADE SECRETS, AND TRADE LIBEL

1

## **DEMAND FOR JURY TRIAL**

2

3      Baysand hereby demands a jury trial of all issues in the above-captioned action which are

triable to a jury.

4

5    Dated: June 1, 2015                    CARR & FERRELL LLP

6

7                                          By: /s/ Stuart C. Clark
                                                STUART C. CLARK

8
                                           Attorneys for BAYSAND, INC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT, PROMISSORY FRAUD, TORTIOUS
INTERFERENCE, MISAPPROPRIATION OF TRADE SECRETS, AND TRADE LIBEL