# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BAYSAND INC., <br>     Plaintiff, <br> v. <br> TOSHIBA CORPORATION, <br>     Defendant. | Case No. 15-cv-02425-BLF <br><br> **ORDER REGARDING ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> [Re: ECF 19] |

Before the Court is defendant Toshiba Corporation's Administrative Motion to File Under Seal portions of its brief and two exhibits filed in support of its recent Motion to Dismiss or Stay. Admin. Mot., ECF 19. Defendant avers that it seeks to seal (1) portions of a Technology License Agreement between it and plaintiff Baysand Inc.; (2) portions of a Request for Arbitration that Plaintiff filed before the International Chamber of Commerce ("ICC"); and (3) portions of Defendant's motion briefing that reference those exhibits. *Id.* at 2. Although Defendant believes that these documents can be filed with minimal redaction, it appears that Plaintiff believes otherwise. *Id.* at 2-5. Indeed, Plaintiff has since filed a five-page response to Defendant's administrative motion in support of its own request for more extensive sealing of Defendant's papers. *See* Pl.'s Response, ECF 21.

"Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Judicial records to dispositive motions are treated differently from records attached to non-dispositive ones. *Id.* at 1180. A party seeking to seal judicial records attached to non-dispositive motions need only show "good cause" under Federal

Rule of Civil Procedure 26(c) to seal such records. *Id.* A party seeking to seal records in connection with a dispositive motion, however, bears a higher burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. In this District, parties seeking to seal judicial records must furthermore follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating good cause or compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

Here, Defendant seeks to seal portions of its briefing and supporting exhibits in connection with a motion to dismiss or stay this action in favor of arbitration. Courts differ on whether an analogous motion to compel arbitration (which may lead to dismissal of the case) is dispositive or non-dispositive. *See Martin v. Wells Fargo Bank, N.A.*, No. CV 12-06030 SI, 2013 WL 5441973, at *2 (N.D. Cal. Sept. 30, 2013) (collecting cases). The Court need not determine which standard is applicable to Defendant's sealing motion here because neither party has complied with the local rules regarding sealing.

Civil Local Rule 79-5(d)(1)(A) requires that a party seeking to seal judicial records submit: "A declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable. Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Both parties have submitted argument in support of or against sealing, and neither party has submitted a declaration in support of sealing. The local rules place the burden of submitting such a declaration on the proponent of sealing. *See* Civ. L.R. 79-5(e). Here, although both Plaintiff and Defendant are parties to the Technology License Agreement attached to Defendant's motion, the parties disagree as to the scope of the sealable material. Furthermore, while it is unclear what confidentiality agreement governs the Request for Arbitration attached to Defendant's motion, Plaintiff also appears to be the driving force behind Defendant's request to seal that document. As such, Plaintiff, as the proponent of more extensive sealing, should bear the

burden of proposing narrowly tailored redactions and submitting a declaration establishing that the portions sought to be redacted are appropriately sealable. Plaintiff has thus far failed to do so but shall be afforded another opportunity to support its request to seal portions of Defendant's motion and supporting documents.

**By no later than July 29, 2015**, Plaintiff shall submit a **declaration** establishing that the specific portions of Defendant's motion and supporting exhibits that Plaintiff seeks to redact are sealable. Plaintiff shall moreover submit a revised proposed order that is "narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(d)(1)(B).

**IT IS SO ORDERED.**

Dated: July 22, 2015

_____
BETH LABSON FREEMAN
United States District Judge